ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL X

| | | |
|---|---|---|
| JUAN A. SÁNCHEZ RIVOLEDA, <br><br> Recurrida, <br><br> v. <br><br> JANIRKA SÁNCHEZ RIVOLEDA PONCE, <br><br> Peticionaria. | TA2025CE00079 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan. <br><br> Civil núm.: SJ2024CV10493. <br><br> Sobre: liquidación de comunidad de bienes. |

Panel integrado por su presidenta, la juez Lebrón Nieves, la jueza Romero García y el juez Rivera Torres.

Romero García, jueza ponente.

## RESOLUCIÓN

En San Juan, Puerto Rico, a 8 de julio de 2025.

El 3 de julio de 2025, la señora Janirka Sánchez Rivoleda Ponce (señora Sánchez) presentó una moción en auxilio de jurisdicción junto con un auto de *certiorari*. Nos solicita que revoquemos la *Resolución* emitida por el Tribunal de Primera Instancia, Sala Superior de San Juan, el 29 de abril de 2025, notificada al día siguiente.

Mediante el referido dictamen, el foro primario declaró sin lugar la moción de desestimación presentada por la señora Sánchez y le otorgó un término de 10 días para contestar la demanda instada en su contra por la parte recurrida, el señor Juan A. Sánchez Rivoleda (señor Sánchez Rivoleda)[1]. Además, el Tribunal de Primera Instancia señaló la conferencia inicial del caso para el **15 de julio de 2025**, a las 9:00 am.

Examinado el expediente y la solicitud de la señora Sánchez, prescindimos de la comparecencia del recurrido[2], y denegamos la

---

[1] El señor Sánchez Rivoleda es el padre de la señora Sánchez, y es abogado licenciado y ha comparecido en el caso por derecho propio.

[2] *Véase*, Regla 7(B)(5) del Reglamento de este Tribunal, que nos permite prescindir de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos en cualquier caso ante nuestra consideración, con el propósito de lograr su más justo y eficiente despacho. *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 42, 215 DPR \_\_\_\_ (2025).

expedición del auto de *certiorari*, así como la moción en auxilio de jurisdicción.

I

En síntesis, la señora Sánchez arguye que el Tribunal de Primera Instancia carece de jurisdicción sobre su persona toda vez que no fue emplazada conforme a derecho. En particular, señala que el emplazamiento por edicto no cumplió con los requisitos de la Reglas 4.6 y 4.7 de Procedimiento Civil, 32 LPRA Ap. V.

Examinado el tracto procesal del caso, surge que, el 18 de noviembre de 2024, el señor Sánchez Rivoleda solicitó al Tribunal de Primera Instancia que ordenara el emplazamiento por edicto de la señora Sánchez, quien reside en el estado de New Jersey. A esos efectos, adjuntó a su moción una declaración jurada con el propósito de que el foro primario tomara conocimiento de esta circunstancia[3].

El 25 de noviembre de 2024, el Tribunal de Primera Instancia ordenó el referido emplazamiento por edicto[4]. El 6 de diciembre de 2024, se expidió el emplazamiento[5].

En cumplimiento con el derecho aplicable, el 14 de enero de 2025, el señor Sánchez Rivoleda presentó una moción, en la que hizo constar que el edicto había sido publicado el 27 de diciembre de 2024, en el periódico de circulación general *Primera Hora*. A su moción adjuntó copia del edicto y de la declaración jurada de la señora Elba Llano Rodríguez, representante del periódico *Primera Hora*, quien certificó que se dio publicidad al edicto expedido[6]. El señor Sánchez Rivoleda, a instancias del foro primario, presentó una moción el 23 de enero de 2025, a la que adjuntó copia del correo certificado, el acuse de recibo y el historial de envío de la copia del emplazamiento y de la demanda cursada a la señora Sánchez, a

---

[3] Entrada 3 del Sistema Unificado de Manejo y Administración de Casos (SUMAC).

[4] Entrada 4 de SUMAC.

[5] Entrada 6 de SUMAC.

[6] Entrada 8 de SUMAC.

su última dirección conocida. De los referidos documentos surge que, el 4 de enero de 2025, hubo un reintento de entrega, y que, el 6 de enero de 2025, no se pudo entregar por inaccesibilidad al lugar de entrega[7].

Así las cosas, el 14 de febrero de 2025, el foro primario dio por cumplida la orden[8].

El 13 marzo de 2025, la señora Sánchez, sin someterse a la jurisdicción del tribunal, presentó una solicitud de desestimación por insuficiencia en el diligenciamiento del emplazamiento. Alegó que del historial sometido no se desprendía la entrega del documento, ni el intento fallido en la entrega y que no se había acreditado que ella hubiera recibido copia de la demanda y del emplazamiento[9].

El 20 de marzo de 2025, el señor Sánchez Rivoleda presentó una solicitud de anotación de rebeldía[10]. Esta fue rechazada de plano por el Tribunal de Primera Instancia dado que estaba pendiente la solicitud de desestimación[11]. En reacción a la respuesta del foro primario, el 7 de abril de 2025, el señor Sánchez Rivoleda presentó su oposición a la moción de desestimación, y solicitó nuevamente la anotación de rebeldía de la señora Sánchez[12].

El asunto quedó sometido y el Tribunal de Primera Instancia declaró **sin lugar** la moción de desestimación, y le otorgó un término a la señora Sánchez para presentar su contestación a la demanda[13].

---

[7] Entrada 10 de SUMAC.

[8] Entrada 11 de SUMAC.

[9] Entrada 15 de SUMAC.

[10] Entrada 17 de SUMAC.

[11] Entrada 18 de SUMAC.

[12] Entrada 19 de SUMAC.

[13] Entrada 24 de SUMAC.

Inconforme, el 14 de mayo de 2025, la señora Sánchez presentó una moción de reconsideración[14]. El 4 de junio de 2024, el Tribunal de Primera Instancia la declaró **sin lugar**[15].

Aún inconforme, la señora Sánchez instó este recurso el 3 de julio de 2025.

II

Distinto al recurso de apelación, el tribunal al que se recurre mediante *certiorari* tiene discreción para atender el asunto planteado, ya sea expidiendo el auto o denegándolo. Véase, *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580, 596 (2011); *García v. Padró*, 165 DPR 324, 334 (2005). Así pues, el *certiorari* es un recurso extraordinario cuya característica se asienta en "la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos". *IG Builders et al. v. BBVAPR*, 185 DPR 307, 338 (2012).

Ahora bien, la discreción para entender en el recurso de *certiorari* no se ejerce en el vacío. La Regla 40 del Reglamento de este Tribunal establece los criterios que debemos considerar al momento de ejercer nuestra facultad discrecional; a decir:

> A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> B. Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

---

[14] Entrada 28 de SUMAC.

[15] Entrada 31 de SUMAC.

*In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 59, 215 DPR __ (2025).

Cual reiterado, este Tribunal no habrá de intervenir con el ejercicio de la discreción del Tribunal de Primera Instancia, salvo en "un craso abuso de discreción, o que el tribunal [haya actuado] con prejuicio y parcialidad, o que se [haya equivocado] en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial." *Lluch v. España Service,* 117 DPR 729, 745 (1986).

III

Evaluada la petición de *certiorari*, así como el tracto procesal del caso ante el foro primario, a la luz del derecho aplicable, este Tribunal concluye que la parte peticionaria, señora Sánchez, no logró establecer que el foro primario hubiera incurrido en error alguno que justifique nuestra intervención en esta etapa de los procedimientos. Afirmamos que, en cuanto a este último asunto, no concurren los criterios establecidos en la Regla 40 de este Tribunal, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 59, 215 DPR __ (2025), para expedir el auto de *certiorari*.

IV

A la luz de todo lo antes expuesto, este Tribunal **deniega** la expedición del recurso de *certiorari* y, en su consecuencia, también deniega la solicitud de auxilio de jurisdicción.

**Notifíquese inmediatamente.**

Lo acordó el Tribunal y lo certifica la secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones